WILLIAM E. WELLINGTON, appellant, *vs.* JAMES MILLIKEN.

Penobscot. Opinion June 21, 1889.

*Declaration. Pleading. Time. Waiver.*

A declaration upon a written contract for the sale of goods, averring a subsequent parol agreement to change the place of delivery, without stating the day upon which the same was made, is bad on demurrer.

ON EXCEPTIONS.

Assumpsit upon account annexed for the sale and delivery of fruit trees. The action was commenced in the municipal court for the city of Bangor, where judgment was given to the defendant, upon the general issue, and the plaintiff appealed.

After the appeal was entered, the plaintiff had leave to amend his declaration, by adding two special counts.

The second count of the amended declaration is as follows:

Also, for that it was agreed by and between the plaintiff and the defendant, in writing, at said Bangor, on the 19th day of April, A. D. 1886, that the plaintiff should sell to the defendant and the defendant should buy from the plaintiff certain nursery stock, amounting to $12.30 in value, being twenty-six standard apple trees of the value of seven dollars and fifty cents, and six ornamental trees of the value of $4.80, upon the terms that the plaintiff should deliver the said stock to the defendant at Hermon, in the month of October or November, 1886, and the defendant should accept the same from the plaintiff and pay him the price thereof, to wit: $12.30 in cash on delivery; and that said stock was to be delivered by the plaintiff in good and thrifty and healthy condition, and said fruit trees were to be grafted or budded, and that said standard apple trees were not to be less than five feet in height. And the plaintiff avers, that it was mutually understood and agreed between the defendant and the plaintiff, that the plaintiff should deliver the said stock at the house of the defendant in said Bangor; and the plaintiff further avers that he delivered said stock at said house in the latter part of October, to wit: the 30th day of October, A. D.

1886, and that said stock was in good and thrifty and healthy condition and said fruit trees were grafted, and that said standard apple trees were not less than five feet in height, and all conditions were fulfilled and all things happened, and all times elapsed necessary to entitle the plaintiff to have the said stock accepted and paid for as aforesaid; yet the defendant did not accept the said stock from the plaintiff or pay him for the same, whereby the plaintiff has been deprived of the price and value thereof.

The defendant then filed a special demurrer to the two special counts, and assigned as causes therefor, (1) that there was no allegation of a consideration for the alleged verbal agreement; (2) that there was no averment of the time and place, when and where said verbal agreement was made, &c. The plaintiff joined in the demurrer, and the court having overruled it the defendant excepted.

*Peregrine White*, for defendant.

The new verbal contract which took the place of the old written one, was made after the execution of the latter, i. e., after it had been reduced to writing and signed by the parties; but when or where there is no averment to show.

The allegation of this new contract,—of the alteration thereby of the original written contract,—was material and traversable. It became the gist of the action. It was the subject of proof and disproof directly and indirectly. Accordingly it should have been laid in the declaration with certainty of time.

"An indispensable rule of pleading," says Mr. Justice DAN-FORTH, "requires that every traversable fact must be alleged as having occurred on some particular day, month and year." *Gilmore* v. *Mathews*, 67 Maine, 517, 520.

In another case, familiar to the court, Judge DANFORTH says again, "One of the fundamental rules of pleading is, that there must be certainty of time. The day, month and year when each traversable fact occurred must appear." *Platt* v. *Jones*, 59 Maine, 232, 241, citing Stephen and Chitty. This principle is as old as the science of special pleading itself, and needs the citation of no authority.

In the case last cited, the averment was, on "or about" the 16th day of February, A. D. 1869. The words, "or about," say the court, "take all the certainty from the allegation, and virtually leave the declaration without any time."

In this case, not only is no day, month, or year in particular laid, as the time when the verbal contract was made; but absolutely none whatever is averred.

On or about some particular day, month, or year, affords some clew to the time, gives some intimation of the date of the occurrence. But the averment in the declaration imparts no light as to when the alleged contract was made,—beyond the fact that it was after the execution of the written contract, the one first made. On what particular day, month or year, after that event, there is no allegation, nothing whatever to show.

*C. H. Bartlett*, for plaintiff.

The consideration for the verbal agreement is sufficiently stated. It is alleged that "it was mutually agreed and understood between the plaintiff and defendant." Each promise is a consideration for the other. "The consideration need not be directly averred, if necessarily implied from all the averments." PETERS, C. J., in *Bean* v. *Ayers*, 67 Maine, 482, 487.

The time and place were sufficiently stated. In both counts, the part objected to, is closely connected with the whole count, and time and place are plainly shown by the conjunction "and." 1 Chitty Pl. (16th Ed.) p. *274. It is not a good practice, to lay the venue in transitory actions. Says Mr. Justice WALTON, in *Bank* v. *Lane*, 80 Maine, 165, 169, * * * "a venue in a transitory action is entirely useless. Venues in transitory actions were long ago abolished in England, and were declared unnecessary in Massachusetts more than half a century ago (24 Pick. 398, Rule 45,) and we think they should be allowed to become obsolete in this state."

The allegations, in regard to the agreement to deliver at defendant's house, are immaterial and unnecessary, and therefore surplusage.

Parol proof of a waiver of delivery, at Hermon, would be admissible. *Adams* v. *McFarlane*, 65 Maine, 143, 152. Mere

surplusage is not a ground for demurrer. 1 Chit. Pl. *252. Gould Pl. § 170, p. 142.

HASKELL, J. The declaration avers the defendant's promise to pay for certain merchandise when delivered at a time and place named. It also avers a subsequent verbal agreement between the parties, without stating any time or place when the same was made, that the place of delivery of the merchandise should be changed, and that defendant refused to accept delivery there when tendered, and to pay for the same.

The demurrer calls for an averment of time when the supposed verbal agreement was made.

The plaintiff contends that the supposed verbal agreement amounted to no more than a waiver of the place of delivery originally agreed to, and need not be averred at all; and that the supposed defective part of the declaration may properly be rejected as surplusage.

The argument is plausible, but not sound; for the declaration admits that defendant refused to accede to a substituted place of delivery and accept the goods. He may have agreed to waive the place of delivery, but have refused to waive it. Waiver and an agreement to waive are not the same thing. The former may result from the latter, but the latter can not serve the purpose of the former, except it be executed, or a breach of it operate by estoppel to work a waiver, because of the breach.

The declaration avers an agreement to waive the place of delivery, and a refusal to keep the agreement. The only waiver in the case, that can arise, is because the defendant may have agreed to substitute a new place of delivery, and have refused to abide by his agreement, whereby he would become estopped from insisting upon the place of delivery originally named.

Whether such an agreement was made is a question of fact. It must be proved before the plaintiff can recover. It is material and traversable; and all traversable facts must be laid upon some particular day. *Platt* v. *Jones*, 59 Maine, 232; *Gilmore* v. *Mathews*, 67 Maine, 517; *Shorey* v. *Chandler*, 80 Maine, 409.

If the supposed verbal agreement were treated as surplusage,

the plaintiff would be no better off; for then his declaration would show an agreement to deliver the goods at a place certain, a prerequisite to his right of recovery, and an averment of a tendered delivery at a different place.

> *Exceptions sustained. Demurrer sustained.*
> *Plaintiff may amend on statute terms.*

WALTON, DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.